263 F.3d 56 (3rd Cir. 2001)
 IN RE: APPLICATION FOR CHANGE OR REASSIGNMENT
OF JUDGE PURSUANT TO 28 U.S.C. SEC. 144 & 155
AND
IN RE: MICHAEL A. BORNN, CESAR CORTES GARCIA; LEE J. ROHN.
 Nos. 00-2456, 00-4202
 UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
 May 18, 2001
 
 Before BECKER, Chief Judge, MCKEE and RENDELL, Circuit Judges.
 
 OPINION
 BECKER, Chief Judge
 
 1
 (Audio Conference)
 
 
 2
 THE COURT: Oh, they're here. Judge McKee.
 
 
 3
 JUDGE MC KEE: I'm here.
 
 
 4
 THE COURT: Judge Rendell.
 
 
 5
 JUDGE RENDELL: We're all here.
 
 
 6
 THE COURT: All right. Very well. This is Judge Becker. Judge McKee and Judge Rendell and I have conferred. As all of you know we were very well prepared. The panels of this Court are always prepared in every case. You, the members of the Virgin Islands Bar, have seen us come down here for years and you know that when we come into the courtroom we're fully familiar with the record, with the facts, the law and forth.
 
 
 7
 Candidly, for reasons I articulated during our colloquy, we were sensitive to the need for a quick disposition of this case, which has been, as I said, festering for yea these many months and accordingly I made some notes, some preliminary notes that were, of course, subject to revision based upon the oral argument. And, I've now heard your oral argument and I've conferred with Judge McKee and Judge Rendell. And, I have modified the notes, because, frankly, some things came to light during argument which were important. But at all events we are prepared to decide this case now. And, I will deliver a bench opinion. I will deliver the opinion and judgment of the Court in both cases, both the recusal case and the mandamus case.
 
 
 8
 Before I do so, I just want to note as a housekeeping matter that, first of all, in the application for change of reassignment of Judge, No. 2456, there are two motions by Ms. Cameron for leave to file amended reply brief and to supplement the District Court record. Both of those motions are unopposed. I have granted them and the clerk will file the orders.
 
 
 9
 Additionally, in the mandamus case, No. 4204, there was a motion by petitioners for leave to file the supplemental affidavit of Susan Miller, Court Reporter, et cetera. That motion was likewise unopposed. And, that I have granted the motion and that will be filed. So that disposes of all of the -- all of the pending motions.
 
 
 10
 And, I will now deliver the opinion and judgment of the Court that will cover both -- well, actually I will take them seriatim after some introductory remarks. The first case that I will address is 00-2456, the application for reassignment, and the second is 00-4202, the mandamus case.
 
 
 11
 By way of overview, with respect to the application for change or reassignment of Judge, we must decide, first, whether the District Court had jurisdiction to consider the omnibus petition and whether the Court abused its discretion in denying it. In connection with the mandamus case, we must consider whether the petitioners are clearly and indisputably entitled to have all pending matters reassigned to another Judge and to have the pending contempt hearing vacated or rescheduled before another Judge. And, of course, if they are we must then determine whether they have no other adequate means in protecting their rights and, if so, we must decide whether to exercise our discretionary power to grant mandamus. I have basically articulated the three prongs in a mandamus petition.
 
 
 12
 Now, preliminarily, in terms of the record, I want to note or declare that we have considered the entire record in connection with these matters, including the original recusal motion. That includes the affidavits of Messrs. Bornn and Cortes Garcia, and all subsequent motions filed with Judge Moore that have been included in the appendices, and all the District Court's rulings in connection with these matters. It included the petitions for mandamus and all responses thereto, the entire record the supplemented record pursuant to the orders I've just signed.
 
 
 13
 Now, first, with respect to No. 2456, the application for change or reassignment of Judge pursuant to 28 U.S.C. SEC. 144 and 455, our standard of review is abuse of discretion. The threshold question is the jurisdiction to consider the omnibus motion. K-Mart alleges that the District Court lacked jurisdiction to consider the omnibus motion because it was not filed in connection with a particular case, but as I indicated -- more than indicated, as I stated during the argument, and Judge McKee, at least, was on record agreeing with me and now, I can tell you after conference, Judge Rendell is as well, we're unanimous that we need not decide whether Courts have jurisdictions to consider free-standing recusal motions, because we will construe this motion as being a joint motion simultaneously filed in every currently filed case in which Ms. Rohn is counsel of record. Or I guess I should say, at least all currently filed cases up until the time we took this matter under submission.
 
 
 14
 We need not decide whether bias against an attorney can ever be enough to mandate recusal. We consider Ms. Rohn's argument as being that Judge Moore is or appears to be biased against her clients because of his dislike of her.
 
 
 15
 Now, turning to the merits, the governing statute is 28 U.S.C. 455A, which requires recusal where a Judge's "impartiality might reasonably be questioned." We begin and, frankly, we end almost with Litecki versus The United States, where the Supreme Court held that the extra judicial source doctrine applies to Section 455A, because appellants do not claim that the bias alleged in this case springs from an extra- judicial source. Recusal was required only if Judge Moore had displayed, quote, and I'm quoting from the Supreme Court, "a deep-seated and unequivocal antagonism towards Ms. Rohn that would "render fair judgment impossible in cases where she represented a party." For the record, the cite to Litecki is 510 US 540. The opinion of the Court was-by Justice Scalia. The opinion of the Court was not by Justice Kennedy. And, we find Ms. Rohn's reliance on Justice Kennedy's concurrence, which would have rejected the extra judicial source doctrine entirely, in apposite and, indeed, inappropriate and not very helpful.
 
 
 16
 Now, we do not -- let me just say before I tell you, what we do decide, what we do not decide. A) We do not decide whether any of Judge Moore's rulings that were adverse to Ms. Rohn's clients were correct or not. Secondly, the issue as to whether Judge Moore is biased against Ms. Rohn because she is a woman or on racial considerations is -- we don't decide because it's not before us. It was clearly abandoned on appeal. And, Ms. Cameron, we appreciate your candor and your directness on that issue. Thirdly, we do not decide whether due process sometimes requires more than Federal Recusal Statutes. Though the Appellant's briefs, by Ms. Rohn's briefs, sometimes mentioned due process, the recusal motion expressly invoked only the recusal statute.
 
 
 17
 We decide, we hold, that the standard under Section 455A has not been met. We are satisfied that Judge Moore's rulings against Ms. Rohn's clients do not demonstrate a deep- seated hostility to Ms. Rohn or her clients and that the Litecki test of deep-seated and unequivocal antagonism has not been met. We note in this regard that Judge Moore has ruled favorable to Ms. Rohn's clients in numerous cases and we also note that Judge Moore's actions against Ms. Rohn and her clients are significantly less severe than in any case that we have located ordering recusal.
 
 
 18
 And, we also note that although Ms. Rohn has been sanctioned by Judge Moore on several occasions, her conduct has not always been exemplary. It is important, especially important to note, since prior to the argument of this case, Judges McKee, Rendell and Barry heard argument in the Saldana case. That this decision, the decision that we are now announcing, is unaffected by Saldana. For purposes of ruling on this appeal we will assume that Judge Moore denied Ms. Rohn due process there in imposing sanctions. The Saldana case does not affect our disposition here. I am conscious of the fact that although I am not on the Saldana panel, Judge McKee and Judge Rendell are. But I want to note that the Saldana case is a very different case. The Saldana. case involves the issue of sanctions, and by announcing this decision we intimate no view as to the outcome of Saldana. Ms. Rohn may very well prevail on the Saldana appeal or she may not, but that will be a matter that Judge McKee, Judge Rendell and Judge Barry will decide.
 
 
 19
 Finally, we will not exercise our supervisory power under 21 United States Code Section -- excuse me, 28 United States Code Section 2106 to order reassignment of this case. Opinion Page 9 Like the Supreme Court in Litecki and this Court in United States versus Bertoli, we decline to decide whether the extra- judicial source doctrine applies to Section 2106. We simply do not consider this an appropriate case for us to exercise our reassignment powers.
 
 
 20
 That is the opinion of the Court in the recusal case and we will enter -- the judgment of the Court will be that the order denying the recusal motion is affirmed and an appropriate written order will follow. Incidentally, the transcript of this bench opinion, which is being taped, is available to counsel and Ms. Coleman, whom I greet and say, hello, Trish, will make arrangements for you to obtain promptly a copy of this tape. If you desire, we will have -- and I guess we should, as a matter of course, have a transcript of this bench opinion prepared by a Court Reporter.
 
 
 21
 I turn now to the mandamus motion, which is No. 4204. The standard for granting mandamus is even more rigorous. The right to relief must be clear and indisputable. The petitioner must have no other adequate means to obtain desired relief and, even if those requirements are met, mandamus is still discretionary. We need not decide the second and third prongs, because we will dispose of this issue on the first prong. To the extent that the petitioners seek to have their cases reassigned to another Judge, our conclusion that Judge Moore did not abuse his discretion in denying the recusal petition establishes that the petitioners do not have a clear and indisputable right to reassignment.
 
 
 22
 The only remaining issue is the petitioner's request to have the pending contempt proceedings vacated or rescheduled before another Judge due to Judge Moore's alleged failure to comply with Federal Rule of Criminal Procedure 42. This Court, a different panel of this Court, I presided over that panel as well, stayed the contempt hearing on December 5th, 2000 because of concerns that Judge Moore intended to conduct a criminal contempt hearing. But Judge Moore has since clarified that he plans to convene not a civil -- a criminal contempt hearing, but a civil contempt proceeding. And, because Federal Rule of Criminal Procedure 42 does not apply to civil contempt proceedings, petitioners are not clearly and indisputably entitled to this relief.
 
 
 23
 For these reasons, the petition for mandamus will be denied and an appropriate order will follow. That concludes the delivery of the opinion and judgment of the Court, subject, of course, to comment by Judge McKee and Judge Rendell.
 
 
 24
 Judge McKee, any comments?
 
 
 25
 JUDGE MC KEE: No, I have none. You said it along.
 
 
 26
 THE COURT: And, do you join in the opinion and judgment of the Court?
 
 
 27
 JUDGE MC KEE: I do.
 
 
 28
 THE COURT: Judge Rendell?
 
 
 29
 JUDGE RENDELL: Yes. I have nothing to add and I do so join.
 
 
 30
 THE COURT: Very well. Unless there is anything further from counsel, we will recess court. Do counsel wish to be heard further on any aspect of these matters? Hearing nothing, court will be adjourned.
 
 
 31
 (Court adjourned)